**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4557**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

STACY DUNCAN DELK,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, Senior District
Judge.  (1:09-cr-01022-MBS-1)

─────────────

Submitted:  December 16, 2014      Decided:  December 18, 2014

─────────────

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  John C. Potterfield, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Duncan Delk appeals the sentence of three months of imprisonment followed by twelve months of supervised release imposed by the district court upon revocation of his probation. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Delk's sentence is plainly unreasonable. Delk was advised of his right to file a pro se supplemental brief, but has not filed a brief. Finding no error, we affirm.

Upon a finding of a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2012); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). The district court has broad discretion to impose a sentence after revoking a defendant's probation. See United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion." Id. (internal quotation marks omitted).

"We review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In conducting our review, "we first

2

decide whether the sentence is unreasonable." Crudup, 461 F.3d at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, id. at 439, and has adequately explained the chosen sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the applicable statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether the sentence is "plainly" unreasonable. Id. at 439.

Applying our deferential standard of review, we conclude that Delk's sentence is not unreasonable, much less plainly so. Given the facts of this case, we conclude that the district court did not abuse its broad discretion in sentencing Delk.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court

3

requires that counsel inform Delk, in writing, of his right to petition the Supreme Court of the United States for further review. If Delk requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Delk. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED